FILED
2024 Jul-17 PM 12:51
U.S. DISTRICT COURT
N.D. OF ALABAMA

PFE/EJC: Aug. 2024

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# <u>WESTERN DIVISION</u>

| | |
|---|---|
| **UNITED STATES OF AMERICA** ) | |
| ) | |
| **v.** ) | **Case No.** |
| ) | |
| **KRISTEN MARIE BATTOCLETTI** ) | |
| ) | |
| **Defendant.** ) | |

## INFORMATION

The United States Attorney charges:

### Introduction

At all times material to this Information:

1. The St. Francis of Assisi University Parish was a church located within Tuscaloosa County in the Northern District of Alabama.

2. The defendant, **KRISTEN MARIE BATTOCLETTI**, was an administrative assistant at the St. Francis of Assisi University Parish and a resident of Tuscaloosa County in the Northern District of Alabama.

3. TikTok was a short-form video hosting service owned by the Chinese company Bytedance. Among its other features, TikTok enabled users to send TikTok content creators digital gifts using a function called TikTok Coins.

## COUNT ONE
## Wire Fraud
## [18 U.S.C. § 1343]

4. The factual allegations in paragraphs 1 through 3 of this Information are re-alleged as though fully set forth herein.

5. From in or about April 2023, and continuing to in or about October 2023, the exact dates being unknown, within Tuscaloosa County in the Northern District of Alabama, and elsewhere, the defendant,

**KRISTEN MARIE BATTOCLETTI**,

devised and intended to devise a scheme and artifice to defraud the St. Francis of Assisi University Parish and others, and to obtain money and property belonging to the St. Francis of Assisi University Parish and others, by means of materially false and fraudulent pretenses, representations, and promises.

### Purpose of the Scheme and Artifice

6. It was a part of the scheme and artifice to defraud that the defendant, **KRISTEN MARIE BATTOCLETTI**, would use the St. Francis of Assisi University Parish Mastercard to make unauthorized expenditures that were not connected to her employment at the church. These unauthorized expenditures included the purchase of more than $220,000 in TikTok Coins. Through the scheme, the defendant initiated more than 600 unauthorized transactions and received approximately $300,000 to which she was not entitled.

### The Wire Communication

7. On or about June 13, 2023, within Tuscaloosa County in the Northern District of Alabama, and elsewhere, the defendant,

**KRISTEN MARIE BATTOCLETTI**,

for the purpose of executing the above-described scheme and artifice and attempting to do so, did cause to be transmitted in interstate commerce, by means of a wire communication, certain signs and signals, that is, the defendant caused an interstate wire communication when she caused Mastercard to transfer $2,275 to a Cash App mobile payment account under her control.

All in violation of Title 18, United States Code, Section 1343.

### FIRST NOTICE OF FORFEITURE
### [18 U.S.C. §§ 981(a)(1)(C), 982(a)(2)(A), and 28 U.S.C. § 2461(c)]

1. The factual allegations contained in Count One of this Information are re-alleged and incorporated by reference for the purpose of alleging forfeitures pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c).

2. Upon conviction of the offense in violation of Title 18, United States Code, Section 1343, set forth in Count One of this Information, the defendant shall forfeit to the United States, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and 982(a)(2)(A), and Title 28, United States Code, Section 2461(c), any and all property constituting, or derived from, proceeds the defendants obtained

directly or indirectly, as a result of the commission of said offense, including but not limited to a sum of money in United States currency representing the amount of proceeds traceable to the commission of said offense.

3. If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

the United States shall be entitled to forfeiture of substitute property, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Section 982(b)(1) and Title 28, United States Code, Section 2461(c).

                                                  PRIM F. ESCALONA
                                                  United States Attorney

                                                  */s/ electronic signature*
                                                  _____
                                                  Edward J. Canter
                                                  Assistant United States Attorney